[No. 725.]

## THOMAS D. HUNT ET AL., APPELLANTS, v. JANE G. HUNT ET AL., RESPONDENTS.

CONSTRUCTION OF WILLS.—The testator, by his will, disposed of his property to his wife, "having the fullest confidence in her capacity, judgment, discretion and affection, to properly bring up, educate and provide for our children, and to manage and dispose of my said property in the best manner for their interests and her own:" *Held*, that the devisee took the property devised as absolute owner, and not upon trust.

IDEM.—In construing this will the court held, that the widow had the absolute right to sell and dispose of the estate at her discretion.

IDEM—SECTION 150 OF THE PROBATE ACT CONSTRUED. — The probate act regulates the proceedings of executors and administrators as such, and acting in that capacity alone, the validity of their acts depends upon a compliance with its provisions; but the act has no application to a case like the present, where the executrix is owner of the residuary estate.

APPEAL from the District Court of the First Judicial District, Storey County.

The facts are stated in the opinion.

*B. C. Whitman*, for Appellant.

I. The main object of this appeal is to show that the wife did not take absolutely, and had at most a life interest, coupled, probably, with a limited power of disposal. The primary and decisive question is, was there a trust created by the language quoted? Although the very numerous cases are seemingly contradictory, still, when examined by the light of the rule as stated by Redfield on Wills (vol. 2, 411), they will be found, on the whole, tolerably consistent. Given clear subject-matter, object and surrounding circumstances similar to those of this case, and the weight of authority is to make the words of the will mandatory. (*Massey* v. *Sherman*, Ambler, 520; *Macey* v. *Shumer*, 1 Ark. 389; *Hart* v. *Tribe*, 18 Beav. 215; *Gully* v. *Cregoe*, 24 Id. 185; *Shovelton* v. *Shovelton*, 32 Id. 143; *Warner* v. *Bates*, 98 Mass. 275; *Young* v. *Young*, 68 N. C. 309; *Curnick* v. *Tucker*, 7 Moak's Eng. R. 845.)

II. In no aspect of the case, under the rules of equity, is the purchaser absolved from the liabilities of the trust sim-.

ply because he pays an adequate consideration, unless the devisee under the will had an absolute power of alienation untampered by any consideration. (Lewin on Trusts, L. L. ed., vol. 24, 104–5, sec. 206; Redfield on Wills, 2d ed. vol. 3, 537, sec. 96, 545; sec. 104; *Price* v. *Reeves,* 38 Cal. 457.)

III. If there is any power of sale under the will, it is only contingent, and entirely governed by the consideration of the best interests of the children, and a purchaser must, in some manner, ascertain that the sale was thus made, for his own self-protection. The only manner in which the ascertainment could have been had, would have been by order of the probate court, as having submitted herself thereto, the executrix and devisee was bound to proceed in all things under its order, and any sale otherwise made was void. (Redfield on Wills, vol. 3, 2d. ed., 565, sec. 130.)

IV. If it be held that the law in existence at the death of the testator governs the estate, then that must be the law of Utah, and not the common law. (*Grimes's Estate* v. *Norris,* 6 Cal. 621; *Tevis* v. *Pitcher,* 10 Id. 465; *Downer* v. *Smith,* 24 Id. 114.)

V. The intention of the testator was to appropriate his property to the use of his wife and children, leaving to her the management and disposal thereof; but only with reference to the desired objects, and between themselves. The confidence that he had was not general and with regard to all subjects, but that she would, in a particular manner, do a special thing. Had he intended to rest the fee in his wife, or give a power of sale, apt words would have been used to express such intentions. That there was a trust, I hope is proved; that there was no power of sale, I think equally demonstrable. "To manage" involves a holding of the property; it could not be managed if alienated. To this power of management is added, not disjoined, the power "to dispose of my said property in the best manner for their (the children's) interests and her own." To dispose of when absolutely used, does not positively mean to sell, but rather to divide—to allot. Can the words mean anything else as to these beneficiaries for whom their father is so industriously careful? The tendency of later decisions is all

against the wresting of language from its plain sense, and toward giving it a natural meaning; or to express it more fully, taking the circumstances existing at the date of the will, to give to the words of the testator the interpretation which would naturally arise upon them if then spoken. Adopting this rule, and weighing the words "manage and dispose," in connection with the other language of the will, no absolute power of sale or alienation can be evolved; nor do they, with any strength, evidence even a contingent power dependent and arising from the necessities of the children or wife, or both, even if exercised under the direction of the probate court; but they rather indicate that the property was to be managed for, and disposed of among and between the mother and children. (*Young* v. *Young*, 68 N. C. 309; *Curnick* v. *Tucker*, 7 Moak's Eng. R. 845.)

*A. B. Elliott*, for Appellant.

I. The letter must give way to the general meaning of the will. (*Den* v. *McMurtrie*, 3 Green, N. J., 271.)

II. The will created a trust in favor of the children and heirs at law of the testator. (*Lambe* v. *Eames*, 10 Eq. Cas. Law Rep. 273; Story's Eq. Jur., vol. 2, sec. 1065; *Crockett* v. *Crockett*, 1 Hare Eng. Ch. 451; Redfield on Wills, vol. 1, 175; 2 Story Eq. Jur., sec. 1068; Lewis on Trusts, 181; *Walker* v. *Quigg*, 6 Watts. 87; *Wright* v. *Atkyns*, 17 Vesey, 255.)

III. The trust being established, it must be shown that the deviser sold the property for the purpose specified in the will, and that the purchaser bought, without notice of the trust, in good faith, for a full and adequate consideration. (*Walker* v. *Quigg*, 6 Watts. 91; Redfield on Wills, vol. 3, secs. 17, 95, 104; Story Eq. Jur., vol. 2, sec. 977, 1131; Lewis on Trusts, 244.)

*C. H. Bryan*, also, for Appellant.

I. The will creates a trust. (*Taylor* v. *Plaine*, 1 Am. Rep. 34; Redfield on Wills, 176.)

II. All matters of trust, except when controlled by statute, are under the direction of courts of equity. (*Matter of*

*Van Wyck,* 1 Barb. 565; *Knight* v. *Loomis,* 17 Shep. 204; *Gibbons* v. *Riley,* 7 Gill. 81.)

*M. N. Stone,* for Respondent.

I. The will gives the property absolutely to Mrs. Hunt free from any trust in favor of her children. The clause in the will, "having the fullest confidence," etc., does not create a trust, but at most is only an expression of confidence in the devisee. (Story's Eq., vol. 2, sec. 1069, and cases cited; *Bristol* v. *Austin,* 40 Conn. 439; *Gilbert* v. *Chapin,* 19 Conn. 346; *Pennock's Estate,* 20 Penn. St. 268; *Webb* v. *Wools,* 2 Simons, N. S., 42; Eng. Ch. Repts. 270; *Lambe* v. *Eames,* Eng. Eq. Cases, vol. 10, 270; *Same* v. *Same,* Eng. Ch. Appeal Cases, vol. 6, 600; *Mackett* v. *Mackett,* Eng. Eq. Cases, vol. 14, 52; *Brook* v. *Brook,* 3 Sm. & Giff. 280; *Ex parte Payne,* 2 Younge & Coll, 636; *Green* v. *Green,* 3 Ire. Eq. 90; Redfield on Wills, vol. 2, 415; *Reeves* v. *Baker,* 18 Beavan, 372; *Howorth* v. *Dewell,* 29 Beavan, 18; *Fox* v. *Fox,* 27 Beavan, 301; *Smith* v. *Bell,* 6 Pet. 68.)

II. Conceding, for the sake of argument, that the will creates a trust, it gives to the defendant, Mrs. Hunt, the power to *dispose* of the property *in the best manner,* and also vests in her a beneficial interest therein. There was, therefore, no necessity for a probate order to sell the property, she having power to sell without such order. Her conveyance of the premises was all that was necessary to pass the title. (*Norris* v. *Harris,* 15 Cal. 256; *Lared* v. *Casaneuva,* 30 Cal. 567; 18 Cal. 299; *Battelle* v. *Parks,* 2 Mich. 531; *Conklin* v. *Egerton, Admin.,* 21 Wend. 436.)

III. The probate law of this state cannot apply to this case so as to interfere with the power to sell conferred by the will. The will was made in 1859, and the probate act was not adopted until 1861. To make the act retrospective would impair the vested right of the devisee, under the will, to dispose of the property devised in the best manner her judgment might dictate. (*Conklin* v. *Egerton, Adm.,* 21 Wend. 435; *Estate of Delaney,* 49 Cal. 77.)

IV. Even if there is a trust, it is coupled with a power

to sell, and Mrs. Hunt having sold the property to a purchaser who bought it in good faith for more than an adequate consideration, he should be protected.

The present well established rule of law, in regard to trust estates, is, that where the trustee holds the trust estate for the purpose of sale and conversion into money, or with power of sale and conversion, any one who in good faith accepts such transfer upon adequate compensation will acquire a valid title. It is only where no power to dispose of the property is given that the purchaser must see that the purchase-money is applied by the trustee to the purposes of the trust. (Redfield on Wills, vol. 3, p. 537, sec. 95.)

By the Court, BEATTY, J.:

In August, 1861, Davis S. Hunt died in Storey county, in this state, leaving a widow, the above named defendant, Jane G. Hunt, and three minor children, who are the plaintiffs herein. By his last will, made in 1859, after directing the payment of his debts, the said Davis S. Hunt disposed of his property as follows:

"Second. I give, devise and bequeath, all the rest and residue of my property, real, personal and mixed, of every kind and nature whatsoever, to my beloved wife, Jane G. Hunt, having the fullest confidence in her capacity, judgment, discretion and affection, to properly bring up, educate and provide for our children, and to manage and dispose of my said property in the best manner for their interests and her own." He also appointed his wife sole executrix. In February, 1862, this will was admitted to probate and letters testamentary issued to the said Jane G. Hunt, who filed an inventory of the property of the estate which included a certain house and lot in Virginia city. Pending the proceedings in the probate court she conveyed this house and lot to Mercedes Navarro, one of her codefendants, who conveyed it to L. P. Drexler the other of her co-defendants. No authority was obtained from the probate court to make this conveyance.

In August, 1874, the children of the deceased, having

come of age, commenced this action against their mother and her grantees, seeking to charge them as trustees of the said house and lot, and demanding among other things an accounting for the rents and profits. Mrs. Hunt and Mercedes Navarro made default, and Drexler alone defends.

The cause was tried by the district judge who found, in addition to the facts above stated, that Drexler was a purchaser in good faith and for a valuable consideration; and concluding, as matter of law, that the widow under the terms of the devise, took the beneficial as well as the legal estate, or that, if she was a trustee, she at least had full power to sell and convey, at her discretion, rendered a judgment in favor of Drexler for his costs. From that judgment the plaintiffs appeal, and in support of their appeal rely upon the proposition that their mother took under the will only the legal estate in the property of their deceased father, to be held in trust for them and herself, without any power of alienation, and that consequently she and her grantees are accountable to them as trustees. This, of course, involves a construction of the will, and the first question is whether the words, "having the fullest confidence in her capacity," etc., create a trust. There are numerous cases to be found in support of either an affirmative or negative answer to this question. The earlier English cases support the affirmative. The later English cases generally support the negative, and so do most if not all of the cases in the United States to which our attention has been called. Those relied upon by the appellants may, we think, be easily distinguished from this by reference to the terms of the wills under consideration. Without attempting to review the numerous decisions upon this point (which would be almost an endless task) we are inclined, after a careful examination of the text writers and the cases cited in the briefs of counsel, to coincide with the conclusions of Judge Story in relation to this matter, and to hold that in this case the devisee took the property devised as absolute owner and not upon trust. Judge Story says: "The doctrine of thus construing expressions of recommendation, confidence, hope, wish and desire, into positive and per-

emptory commands, is not a little difficult to be maintained upon sound principles of interpretation of the actual intention of a testator. It can scarcely be presumed that every testator should not clearly understand the difference between such expressions and words of positive direction and command, and that in using the one and omitting the other, he should not have a determinate end in view. It will be agreed on all sides, that where the intention of the testator is to leave the whole subject, as pure matter of discretion, to the good will and pleasure of the party enjoying his confidence and favor, and where his expressions of desire are intended as mere moral suggestions to excite and aid that discretion, but not absolutely to control or govern it, there the language cannot, and ought not to be held to create a trust. Now words of recommendation, and other words precatory in their nature, *imply that very discretion*, as contradistinguished from peremptory orders, and therefore ought to be so construed, unless a different sense is irresistibly forced upon them by the context. Accordingly, in more modern times a strong disposition has been indicated not to extend this doctrine of recommendatory trusts, but, as far as the authorities will allow, to give to the words of wills their natural and ordinary sense, unless it is clear that they are designed to be used in a peremptory sense." (2 Story's Eq. Jur., sec. 1069.)

Redfield expresses himself still more strongly to the same effect. (Redfield on Wills, vol. 2, p. 423, sec. 15 *d.*)

There are, no doubt, strong reasons to be urged in support of the opposite view; but, on the whole, we should be disposed, if it was necessary to decide the point in this case, to decide it in conformity with the views of Judge Story and Mr. Redfield. But in this case it does not appear to be necesssary to decide whether or not the defendant, Jane G. Hunt, is accountable to the plaintiffs for the proceeds of her husband's estate. Whether she took as a trustee or as absolute owner, it seems clear that she had the absolute right to sell and dispose of the estate at her discretion. The plain intention of the testator is that she should take his property and exercise the same control over it that he could himself

have exercised. She is not only to "*manage*" it, but to "*dispose of*" it, in case that appears to her to be the best thing for her own and her children's interest, and the obvious meaning of the words "dispose of," used in that connection, is to sell and convey. "Having the fullest confidence in her capacity, judgment, discretion and affection," nothing was more natural than that he should have wished to confer upon her full power to sell and convey any portion of his real estate, untrammeled by the delays and difficulties of proceedings in the courts of chancery or probate. By such a course he rendered his estate more valuable, by enabling his trustee, if such she was, to sell without delay in case of an advantageous offer, and to give a clearer title than can easily be got through the intervention of the tedious, and dilatory, and complicated proceedings in the probate courts. He supposed he was taking the best care of her interests and the interests of his children in trusting everything to her discretion. If the event has failed to justify his confidence in her capacity, judgment, and affection for his children, it can only be said that his will is to be interpreted, not by the event but in the light of the confidence which he reposed in her at the time it was made. If she has wasted and mismanaged an estate for which she is morally, if not legally, accountable to her children, it is a misfortune for which they cannot be compensated by taking from a *bona fide* purchaser property which she had full power to sell and he an undoubted right to purchase.

But counsel for appellants contends that they may maintain this action by virtue of the provisions of section 15 of the act concerning wills. (Comp. L., sec. 826), which reads as follows: "When any testator shall omit to provide in his or her will for any of his or her children, or for the issue of any deceased child, unless it shall appear that such omission was intentional, such child, or the issue of such child, shall have the same share in the estate of the testator as if he or she had died intestate."

This section has no sort of application to this case. The testator did not forget his children or any one of them in making his will. On the contrary, they were distinctly in

his mind, and are expressly provided for by leaving them
and his estate to the disposal of the widow. (See *Payne* v.
*Payne*, 18 Cal., 301-2, and other cases cited in respondent's
brief.)

Counsel for appellants also relies upon section 150 of the
probate act (C. L. sec. 630) which provides that "No sale
of any property of an estate of a deceased person shall be
valid unless made under an order of the probate court," etc.

If this provision were applicable, in a literal sense, to
this case it would, no doubt invalidate the sale to Drexler.
But it is not applicable at all. The probate act regulates
the proceedings of executors and administrators, as such,
and, acting in that capacity alone, the validity of their acts
depends upon a compliance with its provisions. In this
case, however, the executrix dealt with the property in a
double capacity; she was executrix and also owner of the
residuary estate, or, at least, a trustee expressly empowered
to sell. The estate being charged with the payment of the
testator's debts, the creditors were under the protection of
the probate court, and, as against them, no sale would have
been valid unless made in pursuance of an order of court.
But the plaintiffs are not creditors of the estate with rights
superior to those of the devisee. They are claimants whose
rights, whatever they may be, are subordinate to her power
to sell. (See *Estate of Delaney*, 49 Cal. 77.)

Another point made by appellants is that, although, as
trustee, Mrs. Hunt might have had full power to sell the
estate without any order of court, yet, having gone into
court, seeking its advice and submitting herself to its con-
trol, she was guilty of a contempt of court in making a sale
without its authority.

If this were true it would not necessarily follow that because
she was guilty of a contempt, therefore Drexler has no title.
But, aside from this consideration, the point is fully dis-
posed of by what is said in respect to the preceding point.

Mrs. Hunt did not go into the probate court for advice
as to her conduct as trustee (it was not the court to go to
for that purpose), but merely to enable her to clear the es-
tate from the claims of creditors. As executrix she was

amenable to its orders, but as trustee she was entirely independent of its control.

As there was no motion for a new trial, it is scarcely necessary to say that the argument of counsel, that the findings of the district judge are against the evidence, cannot be considered.

The judgment is affirmed.